**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 20, 2005
Decided May 27, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 02-3645

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois |
| v. | No. 01CR40057-002-JPG |
| JONI WIGGINS, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Joni Wiggins pleaded guilty without the benefit of a plea agreement to one count of conspiracy to manufacture more than 500 grams of a mixture or substance containing methamphetamine, 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to a term of 240 months' imprisonment. The district court increased Wiggins's offense level by four after concluding that she possessed a firearm during a drug crime, U.S.S.G. § 2D1.1(b)(1), and obstructed justice, U.S.S.G. § 3C1.1. Wiggins argues that she is entitled to be resentenced because the district court erroneously placed the burden of proof on her to disprove the enhancements rather than on the

government to establish them by a preponderance of the evidence. The government concedes error, and we vacate and remand for resentencing.

Wiggins and four others were indicted in September 2001 for conspiring to manufacture methamphetamine over a period of several years. The police investigation as it related to Wiggins culminated with the execution of a search warrant at her home that yielded methamphetamine, several precursor chemicals, and seven firearms. Wiggins later explained that the basic outline of the group's scheme was for her and another woman to purchase or steal precursor chemicals and other materials used to make methamphetamine and provide them to two men who manufactured the drug. After Wiggins was indicted, the government claimed that she tried to intimidate potential witnesses by doing things such as making harassing phone calls and disclosing confidential information to the witnesses.

The probation officer recommended a base offense level of 34 based on his calculation that Wiggins was responsible for 1.6 kilograms of methamphetamine. He recommended a two-level increase for obstructing justice and another two-level increase for possessing a firearm during a drug offense. The district court accepted the recommendations and also granted a three-level reduction for acceptance of responsibility. The court acknowledged that "generally when there is an obstruction enhancement, adjustment for acceptance [of] responsibility is inconsistent with that," but it nevertheless granted Wiggins's motion for the adjustment because she entered a plea of guilty and faced "a tremendous amount of time."

At sentencing, Wiggins objected to both of the recommended enhancements. She argued that the firearm enhancement was unwarranted because she said the guns did not belong to her and were not related to the drug conspiracy. With respect to the obstruction-of-justice enhancement, Wiggins claimed that she showed confidential documents to potential witnesses only in an attempt to develop her defense and that the government could not prove that she intended to harass witnesses or impede the ongoing investigation. While Wiggins's attorney was arguing, the court commented on the burden of proof applicable to the enhancements: "This is a burden that you have to show, not that the government has to show it doesn't apply. . . . [I]t's your burden, not the government's burden, on this issue." In light of Wiggins's criminal history category III, the two enhancements raised her sentencing range to 210 to 262 months, from 135 to 168 months.

Wiggins argues—and the government does not dispute—that the district court erred when it imposed the two enhancements because its comment that Wiggins bore the burden of disproving those enhancements misstated the law. We review the district court's legal interpretations of the guidelines de novo and its factual findings for clear error. *United States v. Smith*, 332 F.3d 455, 457-58 (7th Cir. 2003). We agree that the district court erred and a resentencing is proper. As for

the enhancement for obstruction of justice under U.S.S.G. § 3C1.1, the government bears the burden of proving by a preponderance of the evidence that such an enhancement is warranted. *United States v. Noble*, 246 F.3d 946, 953 (7th Cir. 2001); *United States v. Ewing*, 129 F.3d 430, 434 (7th Cir. 1997); *see also United States v. Brennan*, 326 F.3d 176, 200 (3d Cir. 2003) (district court erred by requiring defendant to disprove obstruction of justice enhancement, though error held to be harmless). The trial court, however, did not place the burden on the government and instead required Wiggins to prove that the enhancement was not warranted. The district court's remark also misallocated the burden of proof on the firearm enhancement. *See* U.S.S.G. § 2D1.1(b)(1). Under § 2D1.1(b)(1), the government must first establish by a preponderance of the evidence that the defendant possessed a gun, and then the defendant must show that it was clearly improbable that the weapon was connected to the drug offense. *United States v. Starks*, 309 F.3d 1017, 1026 (7th Cir. 2002). The government concedes that the district court's statement could be interpreted as placing the burden of proof on Wiggins from the outset, rather than first requiring the government to meet its burden of proof and then shifting the burden to her.

Wiggins's sentence is VACATED and this case is REMANDED for resentencing. The district court will consider *United States v. Booker*, 125 S. Ct. 738 (2005), when reimposing sentence.